IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL ROBINSON | : | CIVIL ACTION |
| v. | : | |
| MICHAEL WENEROWICZ, et al. | : | No. 11-4032 |

**MEMORANDUM AND ORDER**

J. WILLIAM DITTER, JR., J

      AND NOW, this 5th day of November, 2013, upon consideration of Petitioner's objections to my July 23, 2013, memorandum and order, which I have construed as a motion for reconsideration,[1] I make the following findings and reach the following conclusions:

1. On June 20, 2011, Petitioner filed a counseled petition for a writ of habeas corpus asserting two claims of trial court error. After review of the arguments and evidence, I found that Petitioner's claims were meritless and non-cognizable. See Stone v. Powell, 428 U.S. 465 (1976); Heck v. Humphrey, 512 U.S. 477, 482 (1994). As a result, I denied the petition with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. Presently before me is Petitioner's motion for reconsideration, asking the Court to withdraw its order and grant habeas relief.

2. Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed. R. Civ. P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). These motions should be granted sparingly, reconsidering the issues only when: (1) there has been an

---

[1] See, e.g., Graco Children's Products, Inc.. v. Regalo Intern., LLC, 77 F.Supp.2d 660, 661 n.1. (E.D. Pa. 1999) (noting that the request for reconsideration was contained in a letter that did not comply with Federal Rule of Civil Procedure 7 or Local Rule of Civil Procedure 7.1, and, despite this, the court considered the letter as a motion for reconsideration).

intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper "to ask the Court to rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation marks omitted).

3. Petitioner argues that I must re-examine my decision because of a clear error of law or fact and manifest injustice. In support thereof, he contends for the first time that counsel throughout his direct appeal process and in the instant habeas petition failed to properly present his motion to suppress claim as one of ineffective assistance of counsel rather than trial court error.[2] See Kimmelman v. Morrison, 477 U.S. 365 (1986) (Stone restriction on federal habeas review of Fourth Amendment claims does not apply to ineffective assistance of counsel claims based on deficient representation with respect to a Fourth Amendment issue).

4. Petitioner's claim of ineffective assistance of counsel was never presented to any state court. Villot v. Varner, 373 F.3d 327, 337 (3d Cir. 2004) (a petitioner exhausts his federal claims by fairly presenting each claim at each stage of the state's established review process). I note, however, that the Pennsylvania courts favor the presentation of ineffective assistance of counsel claims on collateral appeal rather than direct appeal. Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). Because Petitioner never filed a collateral appeal, he did not present his claim of ineffective assistance of counsel to the state court. His time for filing a collateral appeal has expired. As a result, Petitioner has no corrective process available at the state level and his claim is considered exhausted. See Leyva v. Williams, 504 F.3d 357, 368-69 (3d Cir. 2007). Because Petitioner was required to present his claim of ineffective assistance of counsel on collateral review per Grant, and he failed to comply with that state rule, his claim is procedurally defaulted. Id. at 365. Nonetheless, although I find the claim is meritless, I will discuss it now.[3]

---

[2] Petitioner does not address his claim that the court failed to properly calculate restitution in the instant motion for reconsideration; therefore, that claim will not be addressed here.

[3] I note that direct appeal counsel could not be deemed ineffective for failing to present a claim of ineffective assistance of counsel when such a claim is properly presented on collateral

2

5. Petitioner argues that, because he and his co-defendant had conflicting interests, trial counsel was ineffective for failing to draft an individualized written motion to suppress instead of verbally joining in his co-defendant's written motion at the suppression hearing. Petitioner's claim of ineffective assistance is governed by Strickland v. Washington, 466 U.S. 668, 687 (1984), which establishes that on federal habeas review, a petitioner must establish at a minimum that his counsel was responsible for a deficient performance which prejudiced the defendant.

6. Petitioner's claim of ineffective assistance of counsel is without merit. Petitioner alleges that counsel was ineffective for failing to file an individual written motion to suppress (N.T. 12/16/08, at 3-5); however, counsel did submit a written brief in support of his motion to suppress at the conclusion of the suppression hearing. (N.T. 12/17/08, at 137-139; 1/23/09, at 41-42); see also Answer to Pet., at Ex. "E." I have reviewed the brief and notes of testimony from the three day suppression hearing and conclude that counsel effectively represented Petitioner's interests in advocating for the suppression of evidence.[4] (N.T. 12/16/08, at 79-92; N.T. 12/17/08, at 54-82, 93-100, 102-103, 120-127, 131-132; N.T. 1/23/09, 32-33). Thus, any alleged harm that may have resulted from counsel's initial failure to file a separate written motion to suppress did not prejudice Petitioner because counsel orally advocated for Petitioner at the hearing on the motion to suppress and in the brief filed prior to the court's decision. As a result, Petitioner's claim of ineffective assistance of counsel is denied.

7. In sum, Petitioner does not point to any "new" factual or legal issue that would alter my disposition of this matter, nor does he present any clear error of law or fact that would necessitate a different ruling. Furthermore, he has

---

appeal. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) (counsel cannot be deemed ineffective for failing to raise a meritless claim).

[4] The court ultimately refused to suppress the fruits of the search conducted underneath the front passenger seat of the vehicle in question, but granted Petitioner's motion to suppress certain statements made at the police station. On direct appeal, the state court affirmed the trial court's decision regarding the suppression of evidence after concluding that the suppression court had not violated the precepts of Terry v. Ohio, 392 U.S. 1, (1968), because federal agents possessed reasonable suspicion to stop the vehicle in question. Commonwealth v. Robinson, No. 1589 EDA 2009, 4-8 (Pa. Super. June 30, 2010).

not demonstrated that manifest injustice will result from my ruling. As a result, his motion to reconsider is denied.

Accordingly, **I HEREBY ORDER** that the motion to reconsider (Doc. Nos. 20, 21) filed by Petitioner is **DENIED**. **I FURTHER ORDER** that for the reasons set forth at the Conclusion of my memorandum of July 23, 2013, there is no need for an evidentiary hearing and no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Petitioner has failed to make a substantial showing of denial of a constitutional right.

/s J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J